UNITED STATES FEDERAL DISTRICT COURT
DISTRICT OF COLUMBIA

---

| | |
|---|---|
| Vernon Bret Padgett : |
| 7555 Spalding Lane : |
| Sandy Springs, GA 30350, : |
|     Plaintiff, : | Civil Case No.: |
| : |
| v. : |
| : |
| DEB HAALAND; in the official capacity as : |
| Secretary of the United States Department of Interior : |
| c/o Legal Department/Process Service : |
| U.S. Department of Interior : |
| 1849 C Street, NW : |
| Washington, D.C. 20240 : |
|     and : |
| U.S. FISH AND WILDLIFE SERVICE (USFWS), : |
| c/o Legal Department/Process Service : |
| 1849 C Street, NW : |
| Washington, D.C. 20240, : |
|     and : |
| HILA LEVY, Asst. Director of International Affairs, USFW, : |
| c/o Legal Department/Process Service : |
| 1849 C Street, NW : |
| Washington, D.C. 20240, : |
|     Defendants. : |

---

**COMPLAINT AND A WRIT OF MANDAMUS**

The Plaintiff Vernon Bret Padgett ("Plaintiff" or "Mr. Padgett") through the undersigned attorney files this complaint seeking relief from portions of two (2) permits issued by Defendant USFWS. Mr. Padgett asks this court to specifically: (i) remove slanderous false allegations contained in the narrative body of the permits, (ii) remove some "special conditions" in the permits that violate due process and are in retaliation for a prior court filing, (iii) require all birds imported under this permit to be controlled by the most current conditions of said permit subject to deletion of the "special conditions" noted herein, and (iv) reimbursement of all costs.

1

**INTRODUCTION TO THIS LITIGATION**

Under the Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES), bred-in-captivity programs are designed to reduce the taking of endangered species from the wild. The offspring of these bred-in-captivity species aims to reduce pressure on the lawful and unlawful taking of wild species by supplying market demands through Cooperative Breeding Programs (CBPs). These CBPs are "designed to promote conservation . . . by enhancing the propagation" of species and to be "administered by . . . avicultural, conservation, or zoological organization[s]." The business of Mr. Padgett serves these organizations. Domestically, the USFWS regulates and issues these CBPs. Although a CBP permit "shall be subject to special conditions" those conditions should be "appropriate." 50 CFR §15.24(c). In this case Mr. Padgett alleges that Defendant USFWS placed false, slanderous, and retaliatory "special conditions" on issuance of CBP 045 and CBP 046 which are <u>not</u> "appropriate" and violate 5 U.S.C. §§ 706(2)(A-F).

**I.      PARTIES**

1.      Plaintiff Padgett is a small business owner in Sandy Springs, Georgia who imports birds from around the world serving the needs of individuals and organizations with commercial, conservational, and zoological needs.

2.      Defendant Deb Haaland (Secretary Haaland), in the official capacity as the Secretary of Interior of the United States, is the federal official responsible for the operations of the U.S. Fish and Wildlife Service.  Secretary Haaland is being sued in the capacity as the chief officer of the department charged with overseeing, relevant in this case, the proper administration and implementation of the Administrative Procedures Act (APA), 5 U.S.C. §§ 701-706.

3.      Defendant U.S. Fish and Wildlife Service (USFWS) is the federal agency within the United States Department of Interior with responsibility for implementing and regulating

all international movement of wildlife in, out and through the United States that is pertinent to Mr. Padgett and his business interests. Secretary Haaland has delegated responsibility to the USFWS to ensure compliance with the APA.

## II.   STATUTES, JURISDICTION AND VENUE

4.   Padgett brings this action for a Declaratory Judgment under Fed.R.Civ.P. 57 and 28 U.S.C.A. §§ 2201-02 and for a financial remedy.

5.   This Court has general jurisdiction under 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1346 (United States as a Defendant).

6.   This Court has specific jurisdiction over this action under the APA, which provides in part, that "the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning of applicability of the terms of an agency action."  5 U.S.C. §§ 702, 706.

7.   The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the relevant statute, is entitled to judicial relief thereof."  5 U.S.C. § 702.

8.   District courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

9.   Venue of this Court is proper in the District of Columbia under 28 U.S.C. § 1391(e)(1) because the Defendant Secretary of Interior is an officer of the United States.

10.   Venue of this Court is also proper under 28 U.S.C. § 1391(e)(1) because Defendant USFWS primarily operates from the District of Columbia.

11.   Attorney fees and costs are sought under 28 U.S.C. §§ 1920, 2412.

12. Service of process will be completed pursuant to Fed. R. Civ. P. 4(i)(1) and (2).

### III.   INTERNATIONAL AND DOMESTIC LEGAL BACKGROUND

13. Under the Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES), bred-in-captivity programs were designed to reduce the taking of species from the wild. Captive-bred species serve to fulfill world commercial trade demands and reduce pressure on wild species by supplying the commercial markets through cooperative breeding programs (CBPs).

14. These CBPs are "designed to promote conservation . . . by enhancing the propagation" of species and to be "administered by . . . avicultural, conservation, or zoological organization[s]" under 16 U.S.C. §§ 4911(4)(A-B) and 50 CFR § 15.26(b)(4).

15. Although a captive-bred permit being issued "shall be subject to special conditions" those conditions should be "appropriate." 50 CFR §15.24(c).

16. Plaintiff Padgett alleges in this case that Defendant USFWS placed onerous "special conditions" on CBP 045 and CBP 046 which are not "appropriate" and violate 5 U.S.C. §§ 706(2)(A-F).

17. Plaintiff Padgett alleges that USFWS included slanderous text within CBP 045 and CBP 046 permits, stating falsely of "non-compliance" with previously issued CBP-038 and CBP-042. [Ex. P-2, Bates # 2 and Ex. P-3, Bates # 12 (marked * to assist in locating, but not in originals)].

### IV.   FACTUAL BACKGROUND

18. Plaintiff Padgett is a small business owner that imports exotic birds serving the needs of individuals and organizations with commercial, conservational, and zoological needs.

19. From approximately 2013 until 2023, Plaintiff held two (2) CBP permits, respectively CBP-038 and CBP-042 both issued by USFWS.

4

20. CBP-038 and CBP-042 were renewed bi-annually by USFWS in good standing.

21. During October and December 2022, CBP-038 and CBP-042 expired naturally.

22. In 2023, Plaintiff filed two (2) new applications to establish two (2) new Cooperative Breeding Programs for birds under the Wild Bird Conservation Act.

23. Previous staff at USFWS processed these CBP applications in as little as two (2) months.

24. Current staff at USFWS took up to three (3) years to process these CBP applications.

25. The Plaintiff therefore sued USFWS to require them to process the CBP 045 and 046 applications in a timely manner. See, *Vernon Padgett v. Darcy Vargus, et al*., Case 1:23-cv-04641-SCJ, U.S. District Court for the Northern District of Georgia (Oct. 10, 2023).

26. USFWS then quickly processed these applications, seemingly to avoid going to court and having to explain why they were taking up to three (3) years to process these applications.

27. George Villanueva, Supervisory Policy Specialist, and Dr. Hila Levy, Asst. Director of International Affairs, both with USFWS, have sought to punish Mr. Padgett for using the writ of mandamus in court to force timely adjudication of the new CBP permit applications, in this case resulting in CBP-045 and CBP-046.

28. Rather than the USFWS issuing the current CBPs 045 and 046 with "special conditions" consistent with Plaintiff's two (2) previous Cooperative Breeding Programs, CBP-038 and CBP-042, the USFWS added novel "special conditions" and slanderous allegations to make them *de facto* denials.

29. Under the direction of George Villanueva and Hila Levy these "special conditions" are retaliatory and punitive measures based on false allegations of "Mr. Padgett's prior non-compliance" as a member of the prior CBP-038.

## V.   PROCEDURAL BACKGROUND AND ADMINISTRATIVE EXHAUSTION

30. On March 27, 2024, Eleanora Babij in a "Memorandum," stated that "the applicant should not be granted a new permit" notwithstanding that under 50 CFR § 15.26, Mr. Padgett met the "finding[s] relevant to the issuance criteria."

> It is our understanding that the Division of Management Authority (DMA) still has lingering concerns regarding the final disposition of the birds maintained under CB038 and CB042. The Division of Scientific Authority (DSA) is not currently aware of the details regarding the final disposition issues that DMA has with regards to CB038 and CB042. However, DSA believes that if an applicant is unable to abide by the conditions of their previous permit(s) (in this case, for a permitted activity that is the same or similar to the activity which the applicant is seeking approval for currently), the applicant should not be granted a new permit to conduct the same or similar activity.

[Ex. P-1 (without Bates Stamp) Eleanora Babij, Memorandum (PDF is locked by USFWS)].

31. Plaintiff has not been provided with documentation as to how Eleanora Babij could substantiate the allegation(s).

32. On May 2, 2024, USFWS did approve Plaintiff's applications for CBP 045 and CBP 046.

33. Incongruously, USFWS did approve CBPs 45 and 46, even though both the DMA and DSA stated that Mr. Padgett "should not be granted a new permit to conduct the same or similar activity." [Ex. P-1, Babij, Memorandum],

34. Notwithstanding the contradictions within USFWS (denial versus approval of the CBPs) from that time forward the unsubstantiated allegation of "non-compliance" without any findings was incorporated in every subsequent document.

35. Although CBP 045 and CBP 046 were approved, both contained templated unsubstantiated slanderous allegations in the narrative section of the permits and in the "special conditions" sections are the consequential punitive conditions of the permits.

<u>First</u>, the unsubstantiated slanderous allegations that Mr. Padgett was in "non-compliance" with the previous CBP-038 permit are located as follows:

CBP 45:   Ex. P-2, Bates # 2 (see marked area).

CBP 46:   Ex. P-3, Bates # 12 (see marked area).

<u>Second</u>, because of circulation and distribution of the false allegations of "non-compliance", the USFWS has imposed punitive "special conditions" as punishment under sections 2(d), 3(a-d), and section 4 in CBPs 45-46.

CBP 45:   Exhibit P-2, Bates ## 6-7, "special conditions" §§ 2(d), 3(a-d), and 4. (see →*).

CBP 46:   Exhibit P-3, Bates §§ 16-17 "special conditions" §§ 2(d), 3(a-d), and 4. (see →*).

36. On June 6, 2024, Mr. Padgett filed a "Request for Reconsideration" with the USFWS to delete slanderous false allegations and punitive "special conditions" under sections 2(d), 3(a-d), and 4 contained in both permits CBP-045 and CBP-046. [*Id.*]

37. On July 21, 2024, the USFWS issued a denial and refused to remove the slanderous language or the punitive "special conditions" in permits CBPs-045 and 046.

38. On July 25, 2024, Mr. Padgett filed an administrative appeal to "The Director" of the USFWS under 50 CFR § 13.29(e) to remove the slanderous language and "special conditions."

39. On September 9, 2024, a hearing was held before Dr. Hila Levy, Assistant Director for International Affairs, USFWS, on the issues raised herein.

40. On September 23, 2024, Dr. Hila Levy issued decisions on CBP-045 and CBP-046 indicating this was the "final administrative action available" to Mr. Padgett.

41. Dr. Hila Levy's final decisions did not remove either the:

- slanderous "non-compliance" language; nor the

- punitive "special conditions" found in sections 2(d), 3(a-d), and 4.

42. In none of the previous approved CBPs issued since the inception of the Cooperative Breeding Programs (44 CBPs to various parties across the U.S. in all) since 1992 has the USFWS included these "special conditions" as placed on Mr. Padgett's CBP 045 and 046.

43. Recently, CBP 044 was approved for another applicant at the same time as Mr. Padgett's CBP 045 and 046, yet CBP 044 lacked any of these onerous special conditions, showing that they were uniquely applied to Mr. Padgett based on USFWS false allegations.

44. None of the members of CBP 038 or 042 were ever cited, issued a civil penalty, or charged with any violation of non-compliance, and vigorously deny any non-compliance.

45. George Villanueva, Dr. Hila Levy, and others at USFWS have blemished Mr. Padgett's pristine personal and business reputation in the zoological and conservational arenas because CBPs 45 and 46 are public documents that are <u>required to be circulated</u> and submitted to the individuals and organizations with whom Mr. Padgett does business in the commercial, conservational, and zoological world.

46. In addition to having never been cited or charged for any alleged non-compliance, Mr. Padgett attests through a sworn affidavit that he has never been non-compliant with any conditions in his previous CBP 038 or 042. [Ex. P-4, Bates ## 21-22].

## CAUSES OF ACTION - COUNTS

### COUNT I

<u>Defendants Acted Arbitrarily, Capriciously, Abused Discretion, and Not in Accordance with Statutory nor Regulatory Law under 5 U.S.C. § 706(2)(A)</u>.

47. Plaintiff fully incorporates all that is set forth above as if set forth herein.

48. Defendants' position as a matter of law is arbitrary, capricious, an abuse of discretion, and not in accordance with established law because the allegations against Mr. Padgett of any

"non-compliance" in CBP 38 is without basis, findings of fact or due process proceedings and as such violate 5 U.S.C. § 706(2)(A) and case law.

49. CBPs 45 and 46 contains "special conditions" that are premised upon innuendos and allegations without a legal basis first memorialized by Eleanora Babij.

50. These unsubstantiated allegations were first distributed by Eleanora Babij in the "Memorandum" of March 27, 2024, stating "[i]t is our understanding that the Division of Management Authority (DMA) still has lingering concerns [yet Babij admits they are] not currently aware of the details regarding the final disposition issues that DMA has with regards to CB038 and CB042." [Ex. P-1, Babij Memo.].

51. These false allegations were incorporated into the final approvals of CBPs 45 and 46.

52. On September 23, 2024, Dr. Hila Levy without addressing the "non-compliance" issue and nor making a finding of facts on the alleged "non-compliance" did circulate the allegations into the final administrative decision. [Ex. P-2, Bates # 2, Ex. P-3, Bates # 12].

53. The USFWS imposed punitive "special conditions" as follows:

   CBP 45:   Exhibit P-2, Bates ## 6-7, "special conditions" §§ 2(d), 3(a-d), and 4.

   CBP 46:   Exhibit P-3, Bates §§ 16-17 "special conditions" §§ 2(d), 3(a-d), and 4.

   **WHEREFORE**, Plaintiff seeks the remedies set forth in the Prayer for Relief and further relief as the Court deems equitable, just and proper under the circumstances.

## COUNT II

Defendants violated Plaintiff's Constitutional Right under 5 U.S.C. § 706(2)(B).

54. Plaintiff fully incorporates all that is set forth above as if set forth herein.

9

55. Defendants violated Plaintiff's due process rights by inserting slanderous text within CBP 045 and CBP 046 permits by not providing due process procedures to contest the false allegations. [Ex. P-2, Bates # 2, Ex. P-3, Bates # 12].

56. The USFWS imposed punitive "special conditions" as follows:

    CBP 45:    Exhibit P-2, Bates ## 6-7, "special conditions" §§ 2(d), 3(a-d), and 4.

    CBP 46:    Exhibit P-3, Bates §§ 16-17 "special conditions" §§ 2(d), 3(a-d), and 4.

    **WHEREFORE**, Plaintiff seeks the remedies set forth in the Prayer for Relief and further relief as the Court deems equitable, just and proper under the circumstances.

## COUNT III

### Defendants Acted in Excess of Statutory Jurisdiction and Authority under 5 U.S.C. § 706(2)(C).

57. Plaintiff fully incorporates all that is set forth above as if set forth herein.

58. Defendants acted in excess of jurisdiction and authority by inserting slanderous text within CBP 045 and CBP 046 permits, by falsely stating "non-compliance" with previously issued CBP-038 and CBP-042. [Ex. P-2, Bates # 2, Ex. P-3, Bates # 12].

59. The USFWS imposed punitive "special conditions" as follows:

    CBP 45:    Exhibit P-2, Bates ## 6-7, "special conditions" §§ 2(d), 3(a-d), and 4.

    CBP 46:    Exhibit P-3, Bates §§ 16-17 "special conditions" §§ 2(d), 3(a-d), and 4.

60. Defendants acted in excess of jurisdiction and authority by not providing due process procedures to contest the false allegations.

    **WHEREFORE**, Plaintiff seeks the remedies set forth in the Prayer for Relief and further relief as the Court deems equitable, just and proper under the circumstances.

## COUNT IV

### Defendants acted without the observance to procedure required by law under 5 U.S.C. § 706(2)(D).

61. Plaintiff fully incorporates all that is set forth above as if set forth herein.

62. Defendants violated observance to procedure as required by law by not providing due process procedures to contest the false allegations. [Ex. P-2, Bates # 2, Ex. P-3, Bates # 12].

63. The USFWS imposed punitive "special conditions" as follows:

   CBP 45:   Exhibit P-2, Bates ## 6-7, "special conditions" §§ 2(d), 3(a-d), and 4.

   CBP 46:   Exhibit P-3, Bates §§ 16-17 "special conditions" §§ 2(d), 3(a-d), and 4.

**WHEREFORE**, Plaintiff seeks the remedies set forth in the Prayer for Relief and further relief as the Court deems equitable, just and proper under the circumstances.

## COUNT V

### Defendants lack substantial evidence as required under 5 U.S.C. § 706(2)(E).

64. Plaintiff fully incorporates all that is set forth above as if set forth herein.

65. The unsubstantiated allegations were first memorialized and distributed by Eleanora Babij in the "Memorandum" of March 27, 2024, stating "[i]t is our understanding that the Division of Management Authority (DMA) still has lingering concerns [yet Babij admits they are] not currently aware of the details regarding the final disposition issues that DMA has with regards to CB038 and CB042." [Ex. P-1, Babij, Memorandum].

66. These false allegations were incorporated into the final approvals of CBPs 45 and 46.

67. On September 23, 2024, Dr. Hila Levy without addressing the "non-compliance" issue and nor making a finding of facts on the alleged "non-compliance" did circulate the allegations into the final administrative decision. [Ex. P-2, Bates # 2, Ex. P-3, Bates # 12].

68. The USFWS imposed punitive "special conditions" as follows:

   CBP 45:   Exhibit P-2, Bates ## 6-7, "special conditions" §§ 2(d), 3(a-d), and 4.

   CBP 46:   Exhibit P-3, Bates §§ 16-17 "special conditions" §§ 2(d), 3(a-d), and 4.

   **WHEREFORE**, Plaintiff seeks the remedies set forth in the Prayer for Relief and further relief as the Court deems equitable, just and proper under the circumstances.

## COUNT VI

<u>Defendants' Decisions are unwarranted by the facts under 5 U.S.C. § 706(2)(F).</u>

69. Plaintiff fully incorporates all that is set forth above as if set forth herein.

70. The unsubstantiated allegations were first memorialized and distributed by Eleanora Babij in the "Memorandum" of March 27, 2024, stating "[i]t is our understanding that the Division of Management Authority (DMA) still has lingering concerns [yet Babij admits they are] not currently aware of the details regarding the final disposition issues that DMA has with regards to CB038 and CB042." [Ex. P-1, Babij, Memorandum].

71. These false allegations were incorporated into the final approvals of CBPs 45 and 46.

72. On September 23, 2024, Dr. Hila Levy without addressing the "non-compliance" issue and nor making a finding of facts on the alleged "non-compliance" did circulate the allegations into the final administrative decision. [Ex. P-2, Bates # 2, Ex. P-3, Bates # 12].

73. The USFWS imposed punitive "special conditions" as follows:

   CBP 45:   Exhibit P-2, Bates ## 6-7, "special conditions" §§ 2(d), 3(a-d), and 4.

   CBP 46:   Exhibit P-3, Bates §§ 16-17 "special conditions" §§ 2(d), 3(a-d), and 4.

**WHEREFORE**, Plaintiff seeks the remedies set forth in the Prayer for Relief and further relief as the Court deems equitable, just and proper under the circumstances.

**REMEDY REQUESTED**

Mr. Padgett files this complaint seeking Court relief because the actions of the USFWS are arbitrary, capricious, without findings of facts, without observance of procedure, and based upon unsubstantiated evidence in excess of their statutory jurisdiction or authority. 5 U.S.C. §§ 706(2)(A-F).

**WHEREFORE**, Mr. Padgett respectfully requests that this Honorable Court enter the following relief:

A. Any language referencing non-compliance(s) be removed from Mr. Padgett's CBP 045 and 046 permits.

B. Mr. Padgett's CBPs 045 and 046 "special conditions" be modified to reflect the same special conditions as the previous CBP 038 and 042 permits.

C. All birds imported under CBPs 045 and 046 be controlled by the most current conditions of said permit subject to deletion of the "special conditions" noted herein.

D. An award of attorney fees and costs.

E. An Order granting further relief as the Court deems equitable, just, and proper.

Attorney for Plaintiff Vernon Bret Padgett

By: /s/Patrick Flanigan, Esquire                                    Date: December 18, 2024.
Law Office of Patrick Flanigan
PA Bar No.: 92794
P.O. Box 42, Swarthmore, PA  19081-0042
Tel: (484) 904-7795  Email: Pat@lawofficepf.com